IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN J. BENNETT,<br>Plaintiff,<br><br>vs.<br><br>CHAD A. SENSOR;<br>MARK ROSENTHAL;<br>KIMBERLY A. CRAVER; BETH<br>ROBINSON; CHRISTIAN TRABOLD;<br>WARDEN MICHAEL PUGH,<br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 14-244E<br>Judge Barbara Rothstein/<br>Chief Magistrate Judge Maureen P. Kelly<br><br><br>Re: ECF No. 132 |

## **ORDER**

Presently before the Court is Plaintiff Allen J. Bennett's Motion for Preliminary Injunction. ECF No. 132.

Inmate *pro se* pleadings which seek extraordinary or emergency relief in the form of preliminary injunctions and/or temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. Four factors govern a district court's decision whether to issue a preliminary injunction:

> (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (citations omitted). Further, a request for injunctive relief in the prison context must be viewed with great caution because of the complex and intractable problems of prison administration. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

Plaintiff has not made the demanding showing required by Rule 65 for this extraordinary form of relief. As he did in a previous Motion for Preliminary Injunction, ECF No. 59, Plaintiff improperly seeks to resolve substantive civil rights claims via motion for preliminary injunction.

AND NOW, this 15th day of September, Plaintiff's Motion for Preliminary Injunction, ECF No. 132, is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Allen J. Bennett
35513-068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

All counsel of record via CM-ECF