IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN J. BENNETT, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-244E |
| | ) | Judge Barbara Rothstein/ |
| | ) | Chief Magistrate Judge Maureen P. Kelly |
| CHAD A. SENSOR; | ) | |
| MARK ROSENTHAL; | ) | |
| KIMBERLY A. CRAVER; BETH | ) | |
| ROBINSON; CHRISTIAN TRABOLD; | ) | ECF Nos. 128, 134 and 137 |
| WARDEN MICHAEL PUGH, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Presently before the Court are: (1) the Motion to Dismiss and, in the alternative, Motion for Summary Judgment filed by Defendants Chad A. Sensor, Mark Rosenthal and Christian Trabold, ECF No. 128; (2) the Motion to Dismiss filed by Defendant Warden Michael Pugh, ECF No. 134; and (3) the Motion to Dismiss filed by Defendants Kimberly A. Craver and Beth Robinson, ECF No. 137.  The subject of these motions is the Third Amended Complaint ("the Complaint"), ECF No. 123, filed by Plaintiff Allen J. Bennett ("Plaintiff"), proceeding *pro se*, in which he raise raises multiple civil rights claims.

These Motions to Dismiss will be addressed jointly.  For the following reasons, it is respectfully recommended that the Motions to Dismiss, ECF Nos. 128, 134 and 137, be granted.

## II. REPORT

### A. PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed the operative Complaint on August 28, 2015. ECF No. 123. Plaintiff therein identifies the bases for his suit as "42 U.S.C. section 1981, 1983, 1985(3) and Title VII 42 U.S.C. [§] 2000(e)(1) to include the Pennsylvania Human Relation[s] Act (PHRA) pursuant to state law . . .." ECF No. 123 at 1. Generally, the factual allegations of the Complaint concern events which commenced with the arrest of Plaintiff by federal law enforcement officers Defendants Sensor and Rosenthal, followed by the prosecution of Plaintiff by United States Attorney Defendant Trabold,[1] the termination of Plaintiff's employment at General Electric by General Electric employees Defendants Robinson and Craver and the incarceration of Plaintiff at the Northeast Ohio Correctional Center ("NEOCC") where Defendant Pugh is the warden.

On September 10, 2015, Defendants Sensor, Rosenthal and Trabold filed their Motion to Dismiss and in the alternative Motion for Summary Judgment[2] and brief in support thereof. ECF Nos. 128-129. On September 21, 2015, Plaintiff filed a Response to the Motion and a brief in support thereof. ECF Nos. 144-145. On September 22, 2015, Plaintiff filed a Supplement to his Response. ECF No. 146. Additionally, on November 20, 2015, Plaintiff filed a supplemental Memorandum of Law in support of his response. ECF No. 169.

On September 13, 2015, Defendant Pugh filed his Motion to Dismiss and brief in support thereof. ECF Nos. 134-135. On October 6, 2015, Plaintiff filed a Response to the Motion and brief in support thereof. ECF Nos. 156-157. On October 20, 2016, Defendant Pugh filed a

---

[1] Because Defendants Sensor, Rosenthal and Trabold were federal employees acting in within their authority, Plaintiff's claims against them in their official capacities are barred by sovereign immunity. See Treasurer of N.J. v. United States Dep't of the Treasury, 684 F.3d 382, 395-96 (3d Cir. 2012). Thus, it is recommended that those claims be dismissed with prejudice at the outset.

[2] The Court will consider this Motion as a Motion to Dismiss only.

Reply Brief. ECF No. 165. On November 3, 2015, Plaintiff filed a Response to the Reply Brief. ECF No. 166.

On September 14, 2015, Defendants Craver and Robinson filed their Motion to Dismiss and brief in support thereof. ECF Nos. 137-138. On October 14, 2015, Plaintiff filed a Response to the Motion and a brief in support thereof. ECF Nos. 161-162. On December 2, 2015, a typewritten version of Plaintiff's Response and brief were docketed. ECF Nos. 174-175.

The Motions to Dismiss are now ripe for review.

The Court notes that on April 4, 2016, Plaintiff entered a guilty plea to violations of: (1) 42 U.S.C. § 408(a)(7)(B) for using a false Social Security number on his General Electric employment application; and (2) 18 U.S.C. § 1001(a)(2) for making materially misrepresentation about the existence of an Illinois court order expunging his Illinois criminal records. ECF No. 142, U.S. v. Bennett, No. 14-35 (W.D. Pa.).

B.  **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Dismissal of a complaint or portion of a complaint is warranted under Federal Rule of Civil Procedure 12(b)(6) when a claimant fails to sufficiently state a claim upon which relief can be granted. Avoiding dismissal under Rule 12(b)(6) requires that the complaint to provide "enough factual matter (taken as true)" to suggest the required elements of the claim presented. Phillips v. County of Allegheny, 515 F. 3d 224, 234 (3d Cir. 2008). The pleader must "'nudge his or her claims across the line from conceivable to plausible.'" Id. (quoting Bell Atlantic Co. v. Twombly, 550 U.S. 544 at 570 (2007)).

In assessing the merits of a claim subject to a motion to dismiss, a court must accept all alleged facts as true and draw all inferences gleaned therefrom in the light most favorable to the non-moving party. Phillips, 515 F. 3d at 228 (citing Worldcom, Inc. v. Graphnet, Inc., 343 F. 3d 651, 653 (3d Cir. 2003)). A pleading party need not establish the elements of a *prima facie* case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" Fowler v. UPMC Shadyside, 578 F. 3d 203, 213 (3d Cir. 2009) (quoting Graff v. Subbiah Cardiology Associates, Ltd., 2008 WL 2312671 (W.D. Pa. June 4, 2008)).

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance."). When dismissing a civil rights case for failure to state a claim, a court must give the plaintiff an opportunity to amend the complaint unless it would be inequitable or futile to do so. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

### C. DISCUSSION

Plaintiff lists his claims in fourteen numbered paragraphs in the operative Complaint. ECF No. 123 ¶¶ 50-64.[3]

#### 1. Paragraphs 50, 53-54 and 59-60

In the claims in Paragraphs 50, 53, 54, 59 and 60, Plaintiff attempts to collaterally attack his criminal convictions of using a false Social Security number and misrepresenting the

---

[3] There is no Paragraph 52. Further, although listed under the heading of "Claims," Paragraphs 65 and 66 are not truly claims; rather, they are general assertions attributable to all of the claims.

existence of the Illinois court order without alleging and proving that those convictions have been reversed, vacated or otherwise invalidated.

Federal claims which constitute a collateral attack on a plaintiff's criminal convictions are barred by Heck v. Humphrey, 512 U.S. 477 (1994), unless and until the plaintiff alleges and proves that the conviction has been reversed, vacated or otherwise invalidated. See Lora-Pena v. FBI, 529 F.2d 503 (3d. Cir. 2008) (applying Heck principles to federal convictions and to Bivens actions[4]); Saunders v. Bright, 2008 WL 570954, *2 (E.D. Pa. Feb. 27, 2008) (applying the Heck bar to, *inter alia*, Section 1981 and 1985 actions).

It is therefore recommended that these claims be dismissed with prejudice. Because Plaintiff's claims are clearly Heck-barred, leave to amend would be futile.

### 2. Paragraphs 51, 55 and 56

The claims in Paragraphs 51, 55 and 56 against Defendants Craver, Robinson, Sensor and Rosenthal are based on violations of 42 U.S.C. § 2000e-2(a)(1) (a federal statute prohibiting an employer from discriminating against an individual on the basis of, *inter alia*, race) and 43 P.S. § 955(a) (a Pennsylvania statute prohibiting discriminatory employment practices on the basis of, *inter alia*, race).

In order to obtain relief under either of these statutes in a civil court action, a plaintiff must first exhaust administrative remedies provided by the statutes. Burgh v. Borough Council of Montrose, 251 F.3d 465, 469 (3d Cir. 2001). Plaintiff admits he has not done so, but asks this Court to waive these requirements in light of his inability to exhaust his administrative remedies while incarcerated. ECF No. 174 at 7. Plaintiff's bald assertion that his incarceration has

---

[4] A claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), provides a vehicle for an action against federal officers alleged to have violated a citizen's constitutional rights. Barkes v. First Corr. Med., Inc., 766 F.3d 307, 317 (3d Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).

rendered him unable to take any administrative steps to pursue his claims is not persuasive. Accordingly, it is recommended that these claims be dismissed with prejudice. Plaintiff cannot remedy the procedural missteps he has made in order to obtain relief on these claims, thus, it would be futile to grant leave to amend.

### 3. Paragraph 57

In Paragraph 57, Plaintiff claims that Defendants Sensor, Rosenthal and Trabold conspired to unlawfully institute criminal charges of failing to register under the Sex Offender Registration and Notification Act.[5] If this claim is generously read in conjunction with the general assertion of Paragraph 65 of the Complaint, wherein Plaintiff asserts that all defendants acted with the purpose to violate Plaintiff's rights because he is African American, this claim appears to sound as a Section 1985(3) claim.

Section 1985(3) establishes a cause of action where two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). It is well settled that "because § 1985(3) requires the 'intent to deprive of *equal* protection, or *equal* privileges and immunities,' a claimant must allege 'some racial, *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (emphasis in original).

---

[5] These charges were dismissed.

"'Mere conclusory allegations of deprivations of constitutional rights' . . . are insufficient to state a § 1985(3) claim." D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1376 (3d Cir. 1992) (citation omitted).

Plaintiff has failed to support this claim with factual allegations. The allegations in the Complaint concerning the specifics of the conspiracy are less than clear; however, there are no allegations of racial animus concerning these Defendants, which is fatal to Plaintiff's claim. It is therefore recommended that this claim be dismissed.

### 4. Paragraph 61

In Paragraph 61, Plaintiff claims that Defendant Trabold unlawfully prosecuted Plaintiff based solely upon vindictiveness. The legal basis for this claim is unclear. In his Memorandum of Law in support of his Response to Defendants Sensor, Rosenthal and Trabold's Motion to Dismiss, Plaintiff specifically states that he "has not stated any claims of malicious prosecution and prosecutorial vindictiveness …." ECF No. 145 at 6. Even upon a liberal reading of the Complaint, this Court is unable to discern any other cognizable civil rights claim here. Accordingly, it is recommended that any claim raised in this paragraph be dismissed.

### 5. Paragraph 58 and 62

The claims in Paragraphs 58 and 62 are based directly on the factual allegation of falsified evidence in Paragraph 33 of the Third Amended Complaint which was stricken, at Plaintiff's request, via a March 23, 2016, Order of this Court, ECF No. 182. It is therefore recommended that this claim be dismissed with prejudice.

### 6. Paragraph 63

7

In Paragraph 63, Plaintiff claims that Defendant Sensor conspired with Defendant Pugh to incarcerate Plaintiff at NEOCC knowing that Defendant Pugh could not provide the necessary medical care necessary to Plaintiff. Again, if this claim is generously read in conjunction with the general assertion of Paragraph 65 of the Complaint, wherein Plaintiff asserts that all defendants acted with the purpose to violate Plaintiff's rights because he is African American, this claim appears to sound as a Section 1985(3) claim.

However, also again, Plaintiff has wholly failed to support his claim with factual allegations. He alleges that he suffers from lower back/disk problems, ECF No. 123 ¶ 17, and he alleges that NEOCC cannot provide the medical care needed, id. ¶ 39, however, he does not allege how NEOCC fails to provide the needed medical care. But more critically, Plaintiff makes no allegations about the racial animus that underlies this conspiracy. Plaintiff offers conclusory allegations at best to support this claim. Accordingly, it is recommended that it be dismissed.

### 7. Paragraph 64

Paragraph 64 alleges violations of 18 U.S.C. § 249, a criminal statute which does not provide for a private cause of action. See Wolfe v. Beard, 2011 WL 601632, *3 (E.D. Pa. Feb. 15, 2011). It is therefore recommended that this claim be dismissed with prejudice.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss filed by filed by Defendants Chad Sensor, Mark Rosenthal and Christian Trabold, ECF No. 128, be granted. It is further recommended that the Motion to Dismiss filed by Defendant Warden

Michael Pugh, ECF No. 134, be granted. It is further recommended that the Motion to Dismiss filed by Kimberly A. Craver and Beth Robinson, ECF No. 137, be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: April 11, 2016

cc: The Honorable Barbara Rothstein
United States District Judge

Allen J. Bennett
35513-068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

All counsel of record via CM-ECF