# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# AT ERIE

| | | |
|---|---|---|
| ALLEN J. BENNETT, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 14-244 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| | ) | |
| CHAD A. SENSOR; | ) | |
| MARK ROSENTHAL; | ) | |
| KIMBERLY A. CRAVER; | ) | |
| BETH ROBINSON; | ) | |
| CHRISTIANA TRABLOD; | ) | |
| WARDEN MICHAEL PUGH, | ) | |
| | ) | |
| *Defendants*. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE

Before the Court is the Report and Recommendation ("R&R") of the Honorable Susan Paradise Baxter, United States Magistrate Judge, recommending that the Court grant the motions to dismiss filed by Defendants Sensor, Rosenthal, and Trabold [Doc. 128], Pugh [Doc. 134], and Craver and Robinson [Doc. 137], respectively. Plaintiff filed a document that is ostensibly his "Objections" to the R&R. Doc. 185. When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. *See United States v. Raddatz*, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. *Raddatz*, 447 U.S. at 673-74.

Here, Plaintiff's Objections consist of two conclusory sentences. Doc. 185. Accordingly, Plaintiff's Objections do not trigger *de novo* review. *See Goney*, 749 F.2d at 6-7. In any event, the R&R is correct that to the extent Plaintiff has stated any plausible claims, they are pursuant to 42 U.S.C. §§ 1983 or 1985, and amount to attacks on the criminal charges for which he pled guilty on April 6, 2016. *See* R&R, Doc. 183 at 2-8 (citing Pl.'s Compl., Doc. 123). Plaintiff has not, however, alleged that these convictions have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (emphasis in original). Thus, Plaintiff has not stated plausible claims for relief. Accordingly, the Court **HEREBY ORDERS**:

(1) The Court **ADOPTS** the Report and Recommendation.

(2) Defendants' Motions to Dismiss, Docket Nos. 128, 134, 137, are **GRANTED**.

(3) This case is **CLOSED**.

**IT IS SO ORDERED**.

DATED this 16th day of May, 2016.

*Barbara J. Rothstein*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE